

The
# Gordon Law Firm | P.A.

727-379-2288 (Pinellas)
813-344-5558 (Hillsborough)
813-448-1787 (Fax)
www.thegordonfirm.com

<u>Sender's email</u>
bg@thegordonfirm.com


**July 13, 2021**

**VIA CM/ECF**

The Honorable Rachael P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Jian et al v. MIH CP Solutions, LLC et al
        CASE #: 1:21-cv-02148-RPK-PK

Dear Judge Kovner,

This office represents defendant Vincent Bryniczka in this diversity matter alleging contract and tort claims arising out of business dealings outside of New York. In accordance with the Court's individual practice rules and the prior status conference, we are respectfully requesting a pre-motion conference in respect to Mr. Bryniczka's intended motion to dismiss/transfer for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or alternatively to transfer to the United States District Court for Middle District of Florida – Tampa division based on inconvenient forum pursuant to § 1441(e)(6) and § 1404.[1]

## AMENDED COMPLAINT

In reviewing the Amended Complaint, it appears that the substance of the amendments only add perfunctory allegations related to jurisdiction, venue, and details about the parties. However, these changes only buttress the argument that this case is not properly brought in New York, if even properly brought at all.

As previously argued by Defendant and now as set forth in the Amended Complaint, every single party (including business entitles and principals) except for Plaintiffs are citizens of other states. Further, it is notable that Plaintiff makes no reference to the location or registration of the two companies (Hot Zone and Global) which were the source of all of the purchases orders that purport

---

[1] Defendant Bryniczka reserves all rights related to all other substantive defenses and the defects with Plaintiffs' pleading including without limitation: standing, failure to join indispensable parties, failure to state a cause of action/inconsistent allegations based on a shotgun pleading, improper claim for attorney fees, waiver of the right to a jury trial, challenges to the lack of verification to the extent relevant, and the like. Defendant Bryniczka is prepared to brief such issues should the Court wish.

to give rise to the operative facts. Of course, this is because one of the companies and all of the parties less Mr. Moran are located in the state of Florida.

Further, notable because of the omission, there no reference to where Plaintiffs purportedly owe payment to Hot Zone and Global. It is quite reasonable to assume that if payment were due in New York, such allegations should have and would have been alleged—but they were not.

In fact, the substance of reference to New York is a generic reference to the fact that masks that were to be sold by non-parties who were not located in New York, who were not New York companies, and that might make available for resale to some unknown parties who might be within and without the state of New York – i.e. anywhere in the world. Thus, all that Plaintiffs have are just a few vague references to New York in a lawsuit that contains 75 paragraphs and over 2500 word (excluding signature blocks, caption, and blank verification).

### ORIGINAL INTRODUCTION

According to the allegations in plaintiff's complaint, there were formal business transactions and agreements between plaintiff and defendants Jim Piccillo ("Piccillo") and MIH CP Solutions LLC (MIH CP"). As alleged, Mr. Piccillo is a resident of Florida and MIH CP Solutions is a limited liability company located in and organized under the laws of Florida. Mr. Bryniczka is a resident of Florida. Only upon information and belief is defendant Marco Moran noted as resident of Texas.

Mr. Bryniczka is not a resident of New York and is not employed in New York. He is a Florida resident and all of his contact with anyone in connection with any allegation in this matter was done while in Florida. The payment Mr. Bryniczka received was from Piccillo, a Florida resident, though a wire transfer initiated by Mr. Piccillo in Florida and deposited to Mr. Bryniczka into a bank located in Florida. The monies received from the contracting companies were paid to Piccillo in Florida. The sales affiliate work by Mr. Bryniczka was all performed while in Florida. The companies solicited were not located in New York and in fact one of the contracting companies was and is located in and organized under the laws of Florida. Further, Bryniczka's limited contact with the alleged joint venture (which agreement was notably not attached to the complaint) was done through the joint venture's attorney who is located in California.

Lack of Personal Jurisdiction

Personal jurisdiction over a non-domiciary is determined by a 2-step inquiry: (1) whether the law of the forum state confers personal jurisdiction; (2) whether exercise of jurisdiction comports Due Process protections. *Licci v. Lebanese Can. Bank*, 732 F.3d 161 (2nd Cir. 2013). Neither of these two steps can be satisfied here. Jurisdiction could be general or specific. Neither could be found in this case.

The primary focus of a court's personal jurisdiction inquiry is the defendant's relationship to the forum state. *Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). Notably, the burden is on plaintiffs to plead and prove jurisdiction.

### GENERAL JURISDICTION

Under CPLR § 301, a court has general personal jurisdiction over an individual if his conduct with New York is "so 'continuous and systematic' as to render [it] essentially at home in the forum

state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *Id.* at 924. The complaint is absent of allegations that any of the defendants live, regularly work in New York, or are otherwise subject general personal jurisdiction in New York.

### SPECIFIC JURISDICTION

Thus, CPLR § 302 is the only remaining basis for personal jurisdiction over Bryniczka. However, such allegations are insufficient under the requirements of any provision of § 302 to grant specific personal jurisdiction over Bryniczka.

With specific regard to § 302(a)(1), there was not an agreement between Bryniczka and plaintiffs, the alleged activities do nothing more than make vague reference to "within and without the State of New York," there are no allegations that the personal protection equipment ("PPE") was for a New York company or to be delivered to New York (only generic reference to within and without), there are no allegations that payment was made by any of these companies in New York, and there is no allegation that Hot Zone and Global sought payment in New York. In fact, the only allegation that directly ties plaintiffs with defendants and New York is the claim that plaintiffs demanded that previously paid out commissions all be returned. However, there are no allegations that plaintiffs even had all such monies in the first place or that all such monies were from New York. In fact, to return such monies, as Plaintiff alleges is must do, would require that the monies be sent to places outside from New York. Thus, there is simply an absence of allegations that there was sufficient meaningful activity in New York to support jurisdiction against Bryniczka.

Regarding §t 302(a)(2) or (a)(3), it is important to again reiterate that Bryniczka had no contact with New York in his personal capacity or in any individual business capacity, nor is it alleged otherwise. If any contact with New York was done in some purported capacity of MIH CP (which Bryniczka disputes), and even assuming that such acts could serve as a basis for jurisdiction, the allegations are simply insufficient as to Bryniczka to form a basis for jurisdiction over him. *See Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975) ("New York law seems to be clear that the bland assertion of conspiracy or agency is insufficient to establish jurisdiction [under the co-conspirator and aider and abettor doctrines].").

Inconvenient Forum

Alternatively, pursuant to 28 U.S.C. § 1441(e)(6) and 1404(a), Bryniczka would respectfully request the transfer of this matter to the United States District Court for Middle District of Florida – Tampa division due to the convenience of the parties and witnesses and in the interests of justice. A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer a civil action to any district where it might have been brought. 28 U.S.C. § 1404(a). District courts possess broad discretion under § 1404(a), and consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Gottlieb v. United States SEC*, 723 F. App'x 17, 19 (2d Cir. 2018).

Here, with the exception of plaintiffs' choice of forum, all of the factors run in favor of granting the transfer. All known non-party witnesses are located outside of New York and primarily in Florida; all documents and sources of proof except those held by plaintiffs are also located outside of New York and primarily in Florida; ¾ of the defendants are in Florida everyone except for plaintiffs are outside of New York; the facts based on the allegations all arise out of payments and receipts of monies from Florida including the purported payment to defendant Moran in Texas which payment would have been made from Florida; Florida has three district courts available with multiple locations such that there is a high availability of process to compel attendance of unwilling witnesses; and the known means of the parties suggests that plaintiffs are in a superior position of means.

### DEFENDANT'S FACTS

Should the court permit or require a formal motion, defendant Bryniczka will serve an accompanying declaration - that he was never an owner, officer, or employee of MIH CP; never entered into a contract on behalf of MIH CP; never created, operated, or controlled MIH CP; never paid, financed, or received payments from MIH CP; and never interchanged or commingled receipts; disbursements; assets; and properties of MIH CP (nor did he have any authority or ability to do so). The only payments received by Bryniczka were from Piccillo personally.

In fact, Bryniczka's role was limited to acting an independent sales affiliate to facilitate the purchase of PPE for only two discrete transactions. Bryniczka did use the title of vice president on his email signature but such use was for marketing-purposes only and not a reflection of any ownership interest, control, or employment with MIH CP. In fact, plaintiffs were involved in defining the specific role of Bryniczka. On or after approximately April of 2020, Bryniczka provided no further work as an independent sales affiliate or in any other capacity in connection with plaintiff or any other defendant. Critically, the two transactions with the two companies that are the purported source the monies as alleged by plaintiff were not located in New York, with one of the companies located in and organized under the laws of Florida.

Thus, while the facts as alleged by plaintiffs do not rise to support personal jurisdiction, the facts that would be set forth by defendants unequivocally demonstrate that personal jurisdiction is lacking. Further, the convenience of the witnesses and parties strongly supports the transfer to the United States District Court for the Middle District of Florida—Tampa division. To that end, Mr. Bryniczka respectfully request a pre-motion conference to seek leave or consent to file a motion based on the above.

Respectfully submitted,

Brent Gordon
Counsel for Defendant Bryniczka